NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1067

NIKOLA ZDUNIC

vs.

AJAY REDDY & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Ajay Reddy, appeals from a judgment for the plaintiff after a jury trial in the Superior Court.  We conclude that the defendant failed to preserve his arguments regarding the applicability of Massachusetts law to the employment relationship in question and regarding his personal liability under the Massachusetts Wage Act, G. L. c. 149, § 148, and thus those issues are waived.  Further concluding that the trial

---

[1] Code Genesys, LLC, and Diane Reddy.  The claims against Diane Reddy were settled prior to trial, and Code Genesys, LLC, is no longer an operating corporation.  Accordingly, Ajay Reddy is the sole appellant.  For simplicity's sake, we refer to him as the defendant.

judge properly handled the evidence of settlement negotiations, we affirm.[2]

1. _Applicability of the Massachusetts Wage Act_. "A party may not raise an issue in a motion for judgment [notwithstanding the verdict] that was not raised in a motion for directed verdict." _Matley_ v. _Minkoff_, 68 Mass. App. Ct. 48, 52 (2007). Moreover, the motion for a directed verdict must "state the specific grounds therefor." Mass. R. Civ. P. 50 (a), 365 Mass. 814 (1974). See _Matley_, _supra_, quoting _Bonofiglio_ v. _Commercial Union Ins. Co_., 411 Mass. 31, 35 (1991), _S.C_., 412 Mass. 612 (1992) ("The requirement that a litigant state specific grounds in support of a motion for directed verdict is an important one. It allows the judge knowingly to rule on the question before him, and it allows the opposing party an opportunity to rectify any deficiencies in its case . . . "). A motion for a directed verdict that fails to state grounds does not properly preserve those grounds for appeal. See _Shafnacker_ v. _Raymond James & Assocs., Inc_., 425 Mass. 724, 733 (1997). See also _Lee_ v. _Mt.

_____

[2] Judgment entered against the defendant on January 8, 2024. On February 7, 2024, the defendant filed a notice of appeal. On the same day, the defendant filed a motion for a new trial and a motion for judgment notwithstanding the verdict, which were both denied on February 9, 2024. The defendant never filed a subsequent notice of appeal and, therefore, failed to comply with Mass. R. A. P. 4 (a) (3), as appearing in 481 Mass. 1606 (2019). Nevertheless, we have jurisdiction to decide the defendant's appeal of the judgment. See _Roch_ v. _Mollica_, 481 Mass. 164, 165 n.2 (2019).

2

Ivy Press, L.P., 63 Mass. App. Ct. 538, 561 (2005) ("[Defendant] failed to raise the specific grounds either orally or in writing that she now says support reversal of the judgment.  Having failed to bring these alleged deficiencies to the attention of the judge or opposing counsel at trial, [she] cannot raise these issues here").

Here, the defendant's motion for a directed verdict raised only the general sufficiency of the evidence and did not raise any claim concerning the applicability of Massachusetts law. Accordingly, this argument is waived.[3]  See Fecteau Benefits Group, Inc. v. Knox, 72 Mass. App. Ct. 204, 208 n.10 (2008).

In any event, in determining whether Massachusetts law may be applied "we inquire first whether the State chosen by the parties has a 'substantial relationship' to the transaction and, second, whether '"application of the law of the chosen state [here, Massachusetts]. . . would be contrary to a fundamental policy of a state  which has a materially greater interest than the chosen state" and is the State whose law would apply . . . "in the absence of an effective choice of law by the parties."'"

---

[3] Similarly waived is the defendant's argument that there was insufficient evidence that he had management of Code Genesys, LLC.  In any event, for the reasons discussed infra, there was adequate evidence that the defendant had the management of Code Genesys, LLC.

Feeney v. Dell Inc., 454 Mass. 192, 206 (2009), quoting Hodas v. Morin, 442 Mass. 544, 550 (2004).

Here, the parties' employment agreement "expressed a specific intent that the contract be construed in accordance with Massachusetts law."  Taylor v. Eastern Connection Operating, Inc., 465 Mass. 191, 196 (2013).  The employment relationship had a "substantial relationship" to Massachusetts, as the plaintiff flew into Boston to start his employment, set up a bank account for direct deposit of his paychecks in Boston, was set to go back to Boston to "[s]ee what was next with Code Genesys," and, upon his return from Australia, flew into Boston to meet the defendant.  See id. at 197.

The defendant provides no reason that any fundamental policies of Tennessee, Michigan, Australia, or elsewhere are at odds with the policies underlying the Massachusetts Wage Act.  Accordingly, "even if we were to assume that [another State] has a greater interest in the determination of the issue, and that [another State's] law would apply in the absence of an effective choice by the parties, application of Massachusetts law would not in any event contravene a fundamental policy of [another State]."  Taylor, 465 Mass. at 197.

2.  Jury instruction.  "A party objecting to a jury instruction must 'clearly bring the objection and the grounds for it to the attention of the judge . . . .'"  Tenczar v.

4

Indian Pond Country Club, Inc., 491 Mass. 89, 97-98 (2022),

quoting Selmark Assocs., Inc. v. Ehrlich, 467 Mass. 525, 547

n.37 (2014).  A party is not entitled to claim error on appeal

"unless he objects thereto before the jury retires to consider

its verdict, stating distinctly the matter to which he objects."

Mass. R. Civ. P. 51 (b), 365 Mass. 816 (1974).  Accord Boston

Edison Co. v. Massachusetts Water Resources Auth., 459 Mass.

724, 740 (2011).  Here, too, the defendant failed to preserve

his claim that the jury instructions on his personal liability

were in error, and the argument is waived.

In any event, G. L. c. 149, § 148, states that "[t]he

president and treasurer of a corporation and any officers or

agents having the management of such corporation shall be deemed

to be the employers of the employees of the corporation within

the meaning of this section."  Our courts "understand the

Legislature to impose personal liability for Wage Act violations

on the president and treasurer of the corporation and on other

officers or agents who may not hold these titles, but who have

assumed and accepted as individuals significant management

responsibilities over the corporation."  Segal v. Genitrix, LLC,

478 Mass. 551, 559 (2017).

Here, Code Genesys, LLC's yearly Secretary of State filings

list the defendant as "manager."  On direct examination, the

defendant testified that his "position was CEO."  He also agreed

5

that he was "the founder" and "always employed as CEO of" Code Genesys, LLC. On cross examination, the defendant again agreed that "at all times that Code Genesys was in existence [he was] the manager and CEO." This evidence adequately established that the defendant, as founder, chief executive officer, and manager, "ha[d] the management" of Code Genesys, LLC. G. L. c. 149, § 148. As required for liability to attach pursuant to the Wage Act, the defendant "'control[ed], direct[ed], and participat[ed] to a substantial degree in formulating and determining policy' of the business entity." Cook v. Patient Edu, LLC, 465 Mass. 548, 556 (2013), quoting Wiedmann v. The Bradford Group, Inc., 444 Mass. 698, 711 (2005).

3. Exclusion of evidence. a. Standard of review. "We do not disturb a judge's decision to admit evidence absent an abuse of discretion or other legal error." Zucco v. Kane, 439 Mass. 503, 507 (2003). "In applying that standard, 'we look for decisions based on "whimsy, caprice, or arbitrary or idiosyncratic notions,"' and 'do not disturb the judge's ruling "simply because [we] might have reached a different result; the standard of review is not substituted judgment."'" Laramie v. Philip Morris USA Inc., 488 Mass. 399, 414 (2021), quoting N.E. Physical Therapy Plus, Inc. v. Liberty Mut. Ins. Co., 466 Mass. 358, 363 (2013).

6

b. Evidence of settlement negotiations. "Typically, offers of settlement are inadmissible to prove or disprove a defendant's liability." Dahms v. Cognex Corp., 455 Mass. 190, 198-199 (2009). See Mass. G. Evid. § 408(a) (2026). "[T]he prohibition applies to communications made after an actual dispute arises," and does not require that any of the parties has "explicitly threatened litigation." Filbey v. Carr, 98 Mass. App. Ct. 455, 455, 458 (2020).

Here, while defense counsel was "inquiring about a conversation that was had between [the former chief operating officer] and [the plaintiff] about a proposal to front-load pay," the former chief operating officer (COO) testified that the plaintiff "had asserted his claim, stating that he felt he hadn't been paid what he was owed" and so the former COO "tried to fashion a compromise." The plaintiff's counsel objected, and the judge excluded the evidence. We discern no error in the judge's decision to preclude testimony regarding this compromise at that time. See Rabinowitz v. Schenkman, 103 Mass. App. Ct. 538, 541-542 (2023).

Later, during cross examination of the defendant, plaintiff's counsel nonetheless elicited information regarding the settlement payments. The judge ruled that defense counsel was thus permitted to "ask follow-up questions to what [plaintiff's counsel] just asked." Defense counsel did just

that,[4] and evidence of the "arrangement" for "more in monthly wages" was properly before the jury.[5]

<u>Judgment affirmed</u>.

By the Court (Shin, Ditkoff & Tan, JJ.[6]),

Clerk

Entered:  July 17, 2026.

---

[4] The defendant made no request to recall the former COO to provide more information about the negotiations.  Accordingly, the absence at trial of the additional information provided in the former COO's posttrial affidavit is attributable to the defense.

[5] The defendant asserts that he is entitled to remittitur "to prevent duplicative recovery."  The defendant, however, failed to file a notice of appeal of the denial of his motion for remittitur, and thus we lack appellate jurisdiction over that denial.  See <u>Custom Kits Co</u>. v. <u>Tessier</u>, 97 Mass. App. Ct. 385, 388 n.7 (2020).

[6] The panelists are listed in order of seniority.